PLOTKIN, Judge.
Appellant Florida Insurance Guaranty Asso. (FIGA) seeks review of the trial court’s granting of a motion for summary judgment filed by appellees Alabama Insurance Guaranty Association (AIGA), Ala-plex, and Safety Mutual Casualty Corp. We affirm.

Facts

Plaintiff Barbara Kenney was involved in an vehicular collision with a tractor-trailor driven by defendant Gary W. Hurst on Interstate 10 West on March 12,1984. The tractor-trailor was owned by defendant Howard Couch, who was Hurst’s employer. At the time of the accident, the tractor-trai- *305 lor was under a long-term lease to defendant Alaplex, who was insured by Early American Insurance Co. and Safety Mutual. Prior to the accident, the tractor-trailor had been used by Alaplex to ship cargo to York, Pennsylvania. Alaplex then entered into a sublease, or “trip lease,” to Fulmer Brothers, insured by Midland Insurance Co., to transport goods to Thibodaux, La. Because both Early American and Midland are now insolvent, AIGA became involved in the case in the place of Early American and FIGA became involved in the place of Midland.
Alaplex, AIGA, and Safety Mutual filed a motion for summary judgment, which was originally set for hearing on October 3, 1986. At that time, the parties agreed to continue the motion to allow time for further discovery, specifically time to take Hurst’s deposition. The parties had apparently agreed that if Hurst had delivered the cargo prior to the accident, AIGA, Ala-plex, and Safety Mutual were legally responsible for the accident; if the cargo had not been delivered, Fulmer and FIGA were responsible.
During his deposition, Hurst stated that he had not yet delivered the cargo at the time the accident occurred. Alaplex, AIGA, and Safety Mutual reurged their motion for summary judgment and it was set a second time for hearing on March 3, 1989. Prior to the March 3 hearing, counsel for FIGA failed to file a written opposition to the motion. Nonetheless, the trial judge considered FIGA’s oral arguments, then granted FIGA an additional week to file a written opposition. FIGA again failed to file a written opposition memorandum. On the morning of March 10, counsel for FIGA reported to the district court, signed his name on the docket sheet, indicating that he would be elsewhere in the courthouse, then left. During his absence, the trial court granted the motion for summary judgment. FIGA filed a motion for new trial, which was denied. FIGA appeals, alleging that the trial judge improperly ruled on the motion in the absence of its counsel.

Analysis

 Rule 9(2) of the Rule for the Civil District Court for the Parish of Orleans provides as follows:
The party filing an exception, contradictory motion or rule, shall file with his pleadings a brief statement of reasons in support thereof and a citation of authorities relied upon. The opposing party shall file at least 72 hours prior to the time of the hearing a brief statement of the reasons in opposition with a citation of authorities relied upon. Failure of counsel to comply with this rule may be deemed sufficient justification for a denial by the judge of the right to oral argument and a justification to dismiss the exception, motion or rule.
In the instant case, FIGA failed to file any formal written opposition to the motion for summary judgment on at least two different occasions. At the second hearing on the motion, on March 3,1989, FIGA was allowed to argue orally despite its failure to file a written opposition. Moreover, the judge’s decision on the motion was continued for an additional week for the express purpose of giving FIGA an opportunity to file a written opposition. When it failed to do so, the trial judge had complete discretion to deny FIGA any opportunity to argue the motion orally. Thus, the trial judge did not abuse his discretion in ruling on the motion at the third hearing, even though FIGA’s counsel was not present.
In the trial court, FIGA was given every opportunity to contest the motion for summary judgment, but failed to take the necessary steps to protect its rights. Now FIGA argues that the trial court somehow violated its rights to due process by ruling on the motion in the absence of its counsel. In oral argument to this court, FIGA explained its failure to file a written opposition to the motion by saying that it intended to ask for yet another continuance. Certainly FIGA was not entitled to any more continuances of the matter, especially in light of its failure to follow the proper procedural requirements for protecting its rights. Therefore, the trial court’s grant *306 ing of the motion for summary judgment was proper and must be affirmed.
We note that FIGA’s appeal to this court is based primarily on its contention that the trial court’s granting of the motion in the absence of its counsel amounted to an “ill practice,” sufficient to make the judgment null and void under the provisions of La.C.C. art. 2004. However, article 2004 provides for annulment of a judgment for vices of substance in the trial court. FIGA did not file a motion for annulment of judgment in the trial court; it filed a motion for new trial. Certainly none of the peremptory grounds for granting a new trial were present, thus the trial court’s denial of that motion was proper. FIGA cannot bring an action for nullity for vices of substance under La.C.C. art. 2004 for the first time on appeal. For that reason also, the trial court’s judgment must be affirmed.
FIGA does not argue the merits of the motion for summary judgment filed by AIGA, Alaplex, and Safety Mutual. Thus, FIGA has failed to show that it was prejudiced in any way by the trial court’s granting of the motion. The brief filed by Safety Mutual indicates that the trial court’s decision was correct. However, since FIGA does not appeal the decision on the merits, it is not necessary for us to decide that issue.

Conclusion

For the above and foregoing reasons, the decision of the trial court granting the motion for summary judgment in favor of AIGA, Alaplex, and Safety Mutual and against FIGA is affirmed.
AFFIRMED.